MURRAY ROSNER, APPELLANT, *v.* WHITTLESEA BLUE CAB COMPANY, WHITTLESEA BLUE CAB AND JIM BELL, RESPONDENTS.

No. 17486

December 21, 1988                                    766 P.2d 888

*Richard Segerblom* and *Denton & Denton,* Las Vegas, for Appellant.

*Hilbrecht & Associates,* Las Vegas, for Respondents.

---

## OPINION

*Per Curiam:*

The single issue of this appeal is whether appellant Rosner's action was preempted by the National Labor Relations Act. We hold that it was not and reverse.

This action has its roots in a 1980 union organizational campaign, in which the National Maritime Union attempted to unionize employees of respondent Whittlesea Blue Cab Company. The Union's efforts were unsuccessful, allegedly due in part to promises and guarantees made by Whittlesea to its drivers during the campaign period.

In 1985, Whittlesea allegedly began breaching the promises made during the 1980 unionization election by diminishing fringe benefits and violating low book standards and promises regarding the operation of air conditioners. Rosner sued, seeking monetary, injunctive and declaratory relief for breach of contract. Whittlesea moved to dismiss for lack of subject matter jurisdiction, asserting that the action was preempted by federal law because making promises during unionization elections is an unfair labor practice within the exclusive jurisdiction of the National Labor Relations Board. The lower court granted the motion and this appeal followed.

We are asked to determine whether an action for the breach of certain promises or guarantees, allegedly made and honored by Whittlesea for nearly five years, may be heard in a Nevada state court.

The National Labor Relations Act has set forth a strong policy of precluding actions in state courts over matters which are within its purview. In San Diego Building Trades Council v. Garmon, 359 U.S. 236 (1959), the Supreme Court set forth general guidelines for the permissible extent of state regulation of activity touching upon labor-management relations.[1]

Over the years, the United States Supreme Court has established exceptions to the rule of NLRA preemption and has

---

[1]The Court stated:

> When it is clear or may fairly be assumed that the activities which a state purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield. To leave the States free to regulate conduct so plainly within the central aim of federal regulation involves too great a danger of conflict between power asserted by Congress and requirements imposed by state law.

*Id.* at 244.

allowed many state law causes of action which are related to the unfair labor practices provision in 29 U.S.C. § 158 (1982). In Sears, Roebuck & Co. v. Carpenters, 436 U.S. 180 (1978), the Court enunciated two important factors to supplement the *Garmon* test:

> First, there existed a significant state interest in protecting the citizen from the challenged conduct. Second, although the challenged conduct occurred in the course of a labor dispute and an unfair labor practice charge could have been filed, the exercise of state jurisdiction over the tort claim entailed little risk of interference with the regulatory jurisdiction of the Labor Board. Although the arguable federal violation and the state tort arose in the same factual setting, the respective controversies presented to the state and federal forums would not have been the same.
>
> The critical inquiry, therefore, is not whether the State is enforcing a law relating specifically to labor relations or one of general application but whether the controversy presented to the state court is identical to . . . or different from . . . that which could have been, but was not, presented to the Labor Board. . . .

*Id.* at 196-97. The United States Supreme Court has allowed state tort law causes of action in many areas.[2]

Recently, in Belknap, Inc. v. Hale, 463 U.S. 491 (1983), the Court determined that state law causes of action for breach of contract and misrepresentation were not preempted by the NLRA. In *Belknap,* an employer faced with a strike advertised for, and hired, permanent replacements for his striking employees. The employer required each hiree to sign a statement acknowledging employment as a regular, full-time, permanent replacement. Moreover, the employer declared that the new employees would continue as permanent replacements as long as they conducted themselves in accordance with the employer's policies and practices. Ultimately, however, these workers were laid off in favor of returning strikers as part of a settlement of an unfair labor practice complaint issued against the employer for granting a unilateral wage increase to union members who stayed

---

[2]The following United States Supreme Court cases outline state law causes of action which have been allowed, despite preemption: *Sears, Roebuck,* 436 U.S. at 180 (trespass); Farmer v. Carpenters, 430 U.S. 290 (1977) (intentional infliction of emotional stress); Linn v. Plant Guard Workers, 383 U.S. 53 (1966) (defamation); Automobile Workers v. Russell, 356 U.S. 634 (1958) (obstruction of access to property); United Workers v. Laburnum Corp., 347 U.S. 656 (1954) (state cause of action for laws prohibiting violence).

on the job during the strike. The Supreme Court held that the critical inquiry was whether the controversy presented to the state court was identical to that which could be presented to the National Labor Relations Board. In *Belknap,* the controversies could not fairly be called identical because the unfair labor practice issues before the National Labor Relations Board related to rights of the strikers, which had little in common with misrepresentations made to the replacements or the employer's liability in damages to them for breach of contract. The Court noted that the state had a substantial interest in protecting its citizens from misrepresentation and breach of contract.

We conclude that *Belknap* is applicable to the instant case. The National Labor Relations Board would have analyzed the promises or guarantees Whittlesea made to its employees to determine whether they had an impact, as an unfair labor practice, on the non-union employees who were contemplating unionization during an election. The Board would not have been called upon to adjudicate a breach of contract claim which did not stem from a collective bargaining agreement with a union. It thus seems clear that the controversy which could have come before the Board is significantly different than the breaching of allegedly unfair promises after five years of reliance. A state court action will not impair the Board's jurisdiction.[3]

We conclude that this is a significantly different cause of action than that which could have been brought before the National Labor Relations Board; that the breach of a contract not involving collective bargaining is a matter of peripheral concern to the Board; and that, in reversing the decision of the lower court, we merely recognize Nevada's substantial interest in protecting its citizens from the breach of employment contracts.

Accordingly, we reverse the decision of the lower court and remand for further proceedings. We, of course, intend no inference concerning the validity of appellant's claims.

---

[3]It must also be noted that the limitations period to bring a matter before the National Labor Relations Board is six months from time of the complaint of activity. 29 U.S.C. 160(b) (1982). In the instant case, any action before the Board is time-barred. If subject matter jurisdiction is not found in the instant case, plaintiffs will have no recourse.